11324.  BLACKSHEAR *v.* THE STATE.

BROYLES, C. J.  Under the particular facts of the case, the court erred in
overruling the defendant's motion for a continuance; and the further
proceedings were nugatory.

> *Judgment reversed.  Luke and Bloodworth, JJ., concur.*
> DECIDED MAY 12, 1920.

Accusation of larceny; from city court of Dublin — Judge
Flynt.  January 24, 1920.

One of the grounds of the motion for a new trial was as follows:
"Because the defendant, through his counsel, prior to announcing
ready for trial on the call of the case, moved the court for a con-
tinuance therein, on the following grounds:  This case was con-
tinued on Monday prior to the day actually tried, at the instance
of the defendant, until a later day in the term, on account of three
absent witnesses, their evidence being shown to the court to be
material, and they having been served with subpœnas to attend
court, and said motion in all other respects complying with  .  .
the Criminal Code of Georgia.  At the time the court granted the

continuance he set the case for a later day during the term. Capt. W. C. Davis, representing the State, then stated to the court that he would like to have the absent witnesses attached, and the court accepted this suggestion and stated that attachments should issue. The court reporter was excused from attendance on the court on that day, and it was he who usually issued attachments for witnesses, under the court's instructions. On the day the case was called and tried, counsel for defendant moved for a continuance, because the witnesses were still absent, although the defendant stated he had seen two of them and they had promised to attend court. The court then inquired if counsel for defendant had taken attachments for the witnesses, and counsel replied that he had not, because he understood that the court reporter issued the attachments and he did not know the reporter was absent on the Monday preceding. No attachments for the witnesses had been issued, and, on this fact being made known to the court, he ordered the case to trial. . . The court should not have charged the defendant with neglect or indifference in failing to have said witnesses attached, since it appears that for many years it has been the practice in said court for the court reporter to issue attachments for witnesses." Affidavits were submitted in support of this ground of the motion for a new trial.

G. C. Bedgood, J. E. Burch, for plaintiff in error.

W. C. Davis, solicitor pro tem., contra.